UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JENNIFER L. RUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:17cv189 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income (SSI) as provided for in the Social Security Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for SSI must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2013.

2.  The claimant has not engaged in substantial gainful activity since July 10, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.  The claimant has the following severe impairments: degenerative disc disease (and related issues with leg and neck pain), diabetes mellitus, affective disorder of depression, and post-traumatic stress disorder/anxiety (20 CFR 404.1520(c) and 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can only occasionally climb ramps and stairs and climb ladders, ropes, or scaffolds. The claimant can only occasionally be on uneven, slippery, or moving flooring that requires balance. The claimant can only occasionally stoop, kneel, crouch, and crawl. The claimant is limited to simple, routine, repetitive tasks that can be learned through a short demonstration up to 30 days and is limited from performing fast-paced work, such as assembly line production work with rigid or strict productivity requirements.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was born on February 23, 1982 and was 30 years old on July 10, 2012, on the alleged disability onset date. She was, therefore a younger individual (18-49 years). She is currently 33 years old (20 CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from July 10, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 27- 36).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on December 12, 2017. On January 12, 2018, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature

of the ALJ's decision to deny benefits, it is clear that Step 5 was the determinative inquiry.

The following medical background is pertinent. On examination in July 2012, Plaintiff reported persistent low back pain spreading into her right and left leg (Tr. 377). She started physical therapy the same month and was discharged in September after reporting no improvement (Tr. 564-73). She underwent epidural pain injections in November 2012 preparatory to surgery (Tr. 335, 513). At that time, the spinal cord was unremarkable, terminated at a normal level, and had no significant narrowing except for posterior annular tearing at L4-L5 and L5-S1 and mild narrowing at L5-S1 (Tr. 339-40, 408).

In February 2013, Plaintiff underwent a laminectomy/fasciectomy and nerve root compression with mass fusion at L5-S1 (Tr. 372). In March 2013, Plaintiff stated her surgery went well and denied any pain in her lower back at the surgical site (Tr. 352). Lumbar x-rays in March and June 2013 showed no acute changes and good hardware positioning (Tr. 447, 450). Plaintiff's surgeon, Dr. Hoffman, opined Plaintiff could return to work without restriction except that she could lift no more than twenty pounds and could not twist or bend (Tr. 447). In summer 2013, Plaintiff reported lifting more than twenty pounds, and she was advised that continued smoking could lead to pseudo-arthrosis formation and chronic back and/or leg pain (Tr. 449-50). Yet in October 2013 she was still smoking, and she now reported calf pain and cramping (Tr. 451-52).

Throughout 2013 and 2014, Plaintiff reported pain in her neck, leg, and lower back (Tr. 470, 473, 485, 850, 853, 856, 859, 864, 867, 874). However, she continued to smoke, and she did not receive any epidural injections, physical therapy, or face injections (Tr. 471, 474, 486, 851, 854). Lumbar x-rays continued to show good hardware positioning and mature arthrodesis L5-S1

5

(Tr. 474). A June 2014 MRI revealed only mild degenerative changes (Tr. 885-86).

In April 2015, Plaintiff underwent a trigger point injection and was recommended to renew physical therapy (Tr. 714). She was again advised to quit smoking (Tr. 716). Although an MRI revealed C5-6 disc protrusion and mild spinal stenosis, Plaintiff demonstrated intact reflexes at C5, C6, and C7 and full muscle strength bilaterally (Tr. 900).

In support of remand, Plaintiff argues that the ALJ should have awarded a closed period of disability, did not properly evaluate the limiting effects of her impairments in combination, and did not properly evaluate her subjective complaints.

Plaintiff first suggests that, even if she was not disabled through the entire period considered by the ALJ, the ALJ should have found a closed period of disability from the alleged onset date of July 10, 2012 through mid-2014, on the grounds that the evidence "overwhelmingly supports disability during this time period" (Pl. Br. at 9-11). The Commissioner, however, contends that this argument lacks merit and ignores that the ALJ discussed ample evidence from this purported closed period demonstrating no disability during that time.

Specifically, the ALJ considered that in March 2013 Plaintiff described her back surgery as having gone well and denied any pain at the surgical site (Tr. 31, 350). She had full range of motion and muscle strength, and x-rays that month and in June 2013 showed no acute changes and good positioning (Tr. 31, 347, 447, 450). The ALJ noted that treating surgeon Dr. Hoffman released Plaintiff to work so long as she did not twist, bend, or lift more than twenty pounds (Tr. 31, 447). Lumbar x-rays in 2014 continued to show good hardware positioning, and a 2014 MRI showed only mild degenerative changes (Tr. 31-32, 474, 885-86). Although Plaintiff complained of back pain during this time, she had been advised that continued smoking could lead to chronic

back and/or leg pain and yet continued to smoke throughout 2013 and 2014 (Tr. 31-32, 449-52, 471, 474, 486, 851, 854).

Plaintiff has failed to show that the evidence "overwhelmingly supports disability" during a period when, for example, Plaintiff's own physician released her to work (Tr. 31, 447). Similarly, contrary to Plaintiff's implication that her diabetes impaired her surgical recovery (Pl. Br. at 11), imaging continued to show good hardware placement and only mild spinal changes at most (Tr. 31-32, 447, 450, 474, 885-86). To the extent that Plaintiff did report renewed back pain during this time, the ALJ reasonably concluded that this was due in part to her continuing to smoke despite being repeatedly advised to quit (Tr. 31-32, 449-52, 471, 474, 486, 851, 854). This court finds that substantial evidence supports the ALJ's decision to deny a closed period of disability.

Plaintiff next argues that the ALJ did not properly evaluate the combined effects of her spinal impairment and diabetes (Pl. Br. at 13-14). However, it is clear that the ALJ considered both impairments, and Plaintiff has not demonstrated that they somehow combined to result in greater restrictions.

The ALJ discussed Plaintiff's spinal impairment at length (Tr. 31-32), and the ALJ also discussed her history of diabetes dating back to her teenage years (Tr. 32-33). It is unclear what additional consideration Plaintiff believes would have been appropriate when Plaintiff has failed to cite any evidence that her diabetes and spinal impairments interacted. Plaintiff asserts that such interaction is clear, but then cites only an article about such interaction in general, and fails to cite to any evidence that they interacted in this case to cause limitations beyond those found by the ALJ. Plaintiff also suggests that her diabetes complicated her healing from spinal surgery, but as

7

discussed above the evidence does not support this contention. Thus there is no basis for remand on this point.

Next, Plaintiff raises two challenges to the ALJ's evaluation of her subjective complaints: that the ALJ did not accept her testimony regarding her sleep disturbances and that the ALJ exaggerated her daily activities. "An ALJ is in the best position to determine a witness's truthfulness and forthrightness; thus, this court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Skarbek v. Barnhart*, 390 F.3d 500, 505 (7th Cir. 2004); *see also Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2014) (reiterating "patently wrong" standard). It is clear that the ALJ's finding in this case was sufficiently articulated and supported by substantial evidence (Tr. 30-34). The regulations and Social Security Ruling (SSR) 96-7p, 1996 WL 374186 (S.S.A. 1996), set forth the Agency's policy for evaluating a claimant's subjective complaints. This court agrees with the Commissioner that the ALJ reasonably articulated and considered the evidence as it applied to the factors set forth in the regulations and SSR 96-7p (Tr. 30-34).

Specifically, the ALJ discussed Plaintiff's testimony and reports to physicians (Tr. 30-31), including specifically Plaintiff's contention that she cannot sleep and is always tired (Tr. 31). However, the ALJ found that Plaintiff's "testimony regarding her limitations is simply not fully supported by the record as a whole" (Tr. 30) and "is not entirely supported by the objective medical evidence" (Tr. 31).

In reaching this conclusion, the ALJ discussed the evidence at length (Tr. 30-34). Specifically, the ALJ considered that in March 2013 Plaintiff described her back surgery as having gone well and denied any pain at the surgical site (Tr. 31, 350). She had full range of

motion and muscle strength, and x-rays that month and in June 2013 showed no acute changes and good positioning (Tr. 31, 347, 447, 450). The ALJ noted that treating surgeon Dr. Hoffman released Plaintiff to work so long as she did not twist, bend, or lift more than twenty pounds (Tr. 31, 447). Lumbar x-rays in 2014 continues to show good hardware positioning, and a 2014 MRI showed only mild degenerative changes (Tr. 31-32, 474, 885-86). Although Plaintiff complained of back pain in 2013 and 2014, she had been advised that continued smoking could lead to chronic back and/or leg pain and yet continued to smoke throughout 2013 and 2014 (Tr. 31-32, 449-52, 471, 474, 486, 851, 854). The ALJ also considered that, although an MRI revealed C5-6 disc protrusion and mild spinal stenosis, Plaintiff demonstrated intact reflexes at C5, C6, and C7 and full muscle strength bilaterally (Tr. 32, 900).

Although the evidence reflects that Plaintiff had some functional limitations, the ALJ reasonably concluded that this evidence reflected less than total disability and that some of Plaintiff's symptoms stemmed at least in part from her non-compliance with physician advice. As there is no basis for this court to hold that this analysis was "patently wrong," the ALJ's decision will not be disturbed.

In challenging the ALJ's analysis, Plaintiff contends that the ALJ "equated Plaintiff's care of her child with the ability to work a regular, continuous, full-time job" but does not cite any portion of the ALJ's decision so stating (Pl. Br. at 15). It is undisputed that the ALJ referred to Plaintiff's care for her children in the decision (Tr. 30-31), but there is no evidence that the ALJ gives this activity as much emphasis as Plaintiff contends. However, even assuming that the ALJ did so, and assuming that this was error, the purported error would be harmless, in light of the other well-supported reasons discussed above that the ALJ gave for discounting Plaintiff's

9

subjective complaints. Accordingly, any error by the ALJ in this regard does not support a remand. *See Parker v. Astrue*, 597 F.3d 920, 924 (7th Cir. 2010) (harmless error is "an exception to the *Chenery* doctrine," and harmless errors do not warrant remand).

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: March 6, 2018.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court